```
EILEEN M. DECKER
United States Attorney                              JS-6
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569
     Facsimile: (213) 894-7177
     E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 08-7568-CAS(AGRx) |
| Plaintiff, | [PROPOSED] |
| v. | **CONSENT JUDGMENT OF FORFEITURE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND CLAIMANT PATRICIA CLARK WITH RESPECT TO THE PORTION OF THE DEFENDANT $743,856.34 IN BANK FUNDS CLAIMED BY CLAIMANT PATRICIA CLARK IN THIS CIVIL FORFEITURE PROCEEDING** |
| $743,856.34 IN BANK FUNDS, | |
| Defendant. | |
| PATRICIA CLARK, | [This Consent Judgment Of Forfeiture Is Not Dispositive Of This Entire Action] |
| Claimant. | |

On or about December 3, 2008, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a First Amended Complaint for Forfeiture

alleging that the defendant $743,856.34 in Bank Funds (the "defendant bank funds") is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C) and 984. The First Amended Complaint provides that the defendant bank funds are comprised of the following:

(a) $7,094.97 in bank funds seized on or about June 3, 2008 from one Washington Mutual Bank account in the name of Kim & Kristin Investments, Inc., with a number ending in 0404;

(b) $319.73 in bank funds seized on or about June 3, 2008 from one Wells Fargo Bank account in the name of Kim and Kristin Investments, Inc., with a number ending in 0499;

(c) $53,993.12 in bank funds seized on or about June 3, 2008 from one Wells Fargo Bank account in the name of Cardinal & Gold Investments, Inc., with a number ending in 8501;

(d) $102,746.14 in bank funds seized on or about June 4, 2008 from one Wells Fargo Bank account in the name of Kristin A. Clark and Patricia W. Clark, with a number ending in 9222;

(e) $39,215.22 in bank funds seized on or about June 3, 2008 from one Wells Fargo Bank account in the name of Kimberly J. Clark and Patricia W. Clark, with a number ending in 1949;

(f) $292,680.33 in bank funds seized on or about June 3, 2008 from one Wells Fargo Bank account in the name of Patricia Clark, with a number ending in 4912;

(g) $50,123.30 in bank funds seized on or about June 3, 2008 from one Wells Fargo Bank account in the name of Kimberly J. Clark, with a number ending in 7785;

1                (h)  $30,480.00 in bank funds seized on or about June
2  3, 2008 from one Washington Mutual Bank account in the name of
3  Cardinal & Gold Investments, Inc. or Kristin Clark, with a
4  number ending in 1733; and
5                (i)  $167,203.53 in bank funds seized on or about June
6  3, 2008 from one Wells Fargo Bank account in the name of Antoine
7  Beard with a number ending in 7876.
8        On or about January 8, 2009, claimant Patricia Clark filed
9  a claim to $292,680.33 of the defendant bank funds (i.e., item
10 (f) above and referred to herein as the "Patricia Clark-claimed
11 $292,680.33 of the defendant bank funds"), and on or about
12 February 9, 2009, filed an answer to the First Amended
13 Complaint.
14       On or about January 8, 2009, former claimant Kimberly Clark
15 filed a claim to $89,338.52 of the defendant bank funds (i.e.,
16 items (e) and (g) above), and on or about February 9, 2009,
17 filed an answer to the First Amended Complaint.  Pursuant to a
18 consent judgment between Kimberly Clark and the government filed
19 on or about June 1, 2015, Kimberly Clark forfeited the
20 $89,338.52 to the government and terminated her status as a
21 claimant in this case.
22       On or about January 8, 2009, former claimant Antoine Beard
23 filed a claim to $167,203.53 of the defendant bank funds (i.e.,
24 item (i) above).  Pursuant to a consent judgment between Antoine
25 Beard and the government filed on or about March 6, 2015,
26 Antoine Beard forfeited the $167,203.53 to the government and
27 terminated his status as a claimant in this case.
28

1    No other parties have appeared in this case and the time
2 for filing claims and answers has expired.
3    The government and claimant Patricia Clark have now agreed
4 to settle this action relative to the disputes between them with
5 respect to the Patricia Clark-claimed $292,680.33 of the
6 defendant bank funds and to avoid further litigation by entering
7 into this Consent Judgment of Forfeiture.
8    The Court, having been duly advised of and having
9 considered the matter, and based upon the mutual consent of the
10 parties hereto,
11    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:
12    1.   As between the United States of America and claimant
13 Patricia Clark, this Court has jurisdiction over the subject
14 matter of this action and the parties to this Consent Judgment
15 of Forfeiture with respect to the Patricia Clark-claimed
16 $292,680.33 of the defendant bank funds.
17    2.   As between the United States of America and claimant
18 Patricia Clark, the First Amended Complaint for Forfeiture
19 states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A)
20 & (C) and 984 with respect to the Patricia Clark-claimed
21 $292,680.33 of the defendant bank funds.
22    3.   Notice of this action has been given as required by
23 law.  No appearances have been made in the litigation by any
24 person other than claimant Patricia Clark with respect to the
25 Patricia Clark-claimed $292,680.33 of the defendant bank funds.
26 The Court deems that all other potential claimants admit the
27 allegations of the First Amended Complaint for Forfeiture to be
28

1 true with respect to the Patricia Clark-claimed $292,680.33 of
2 the defendant bank funds.
3     4.   The sum of $4,000.00 only (without interest) shall be
4 returned to claimant Patricia Clark.  The remainder of the
5 Patricia Clark-claimed $292,680.33 of the defendant bank funds
6 (*i.e.*, $288,680.33), plus the interest earned by the United
7 States of America on the Patricia Clark-claimed $292,680.33 of
8 the defendant bank funds shall be condemned and forfeited to the
9 United States of America, which shall dispose of those funds in
10 accordance with law.
11     5.   The funds to be returned to claimant Patricia Clark
12 pursuant to paragraph 4 above shall be paid to claimant Patricia
13 Clark by electronic transfer directly into the client trust
14 account of her attorneys of record in this case.  Claimant
15 Patricia Clark (through her attorney of record Mark M. Hathaway,
16 Esq.) shall provide all information and complete all documents
17 requested by the United States of America in order for the
18 United States of America to complete the transfer including,
19 without limitation, providing claimant Patricia Clark's social
20 security and taxpayer identification numbers (if any), claimant
21 Patricia Clark's attorney of record's taxpayer identification
22 number, and the identity of the bank, the bank's address and the
23 account name, account number, account type and wire transfer
24 routing number for the attorney-client trust account to which
25 the transfer of funds is to be made.
26     6.   Claimant Patricia Clark hereby releases the United
27 States of America, its agencies, agents, officers, employees and
28 representatives, including, without limitation, all agents,

1 officers, employees and representatives of the Federal Bureau of
2 Investigation or the Department of Justice and their respective
3 agencies, as well as all agents, officers, employees and
4 representatives of any state or local governmental or law
5 enforcement agency involved in the investigation or prosecution
6 of this matter, from any and all claims (including, without
7 limitation, any petitions for remission, which Patricia Clark
8 hereby withdraws), actions or liabilities arising out of or
9 related to this action, including, without limitation, any claim
10 for attorney fees, costs and interest, which may be asserted by
11 or on behalf of claimant Patricia Clark, whether pursuant to 28
12 U.S.C. § 2465 or otherwise.
13     7.   As between the United States of America and claimant
14 Patricia Clark, the Court finds that there was reasonable cause
15 for the seizure of the Patricia Clark-claimed $292,680.33 of the
16 defendant bank funds and institution of these proceedings. This
17 judgment shall be construed as a certificate of reasonable cause
18 pursuant to 28 U.S.C. § 2465 as between the United States of
19 America and claimant Patricia Clark with respect to the Patricia
20 Clark-claimed $292,680.33 of the defendant bank funds.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1         8.   The Court further finds that claimant Patricia Clark
2    did not substantially prevail in this action, and the parties
3    hereto shall bear their own attorney fees and costs.
4    Dated: February 3, 2016

                              _____
                              THE HONORABLE CHRISTINA A. SNYDER
                              UNITED STATES DISTRICT JUDGE

7

CONSENT

The parties hereto consent to the above judgment and waive any right to appeal this Consent Judgment of Forfeiture.

Dated: February 2, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: February 2, 2016

LAW OFFICES OF MARK J. WERKSMAN


/s/ Mark M. Hathaway
MARK M. HATHAWAY, ESQ.

Attorneys for Claimant
PATRICIA CLARK